**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-03231-CMA-MJW (Consolidated for All Purposes with
Civil Action No. 11-cv-03404-CMA-KMT and
Civil Action No. 12-cv-00240-CMA-KMT)

FIRSTIER BANK, KIMBALL, NEBRASKA, a Nebraska Bank,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
FIRSTIER BANK, LOUISVILLE, COLORADO, a Colorado Bank in receivership,

    Defendants.

---

**ORDER DENYING MOTION FOR MANDATORY MEDIATION**

---

This matter is before the Court on Adams Bank & Trust's ("Adams") Motion Requesting Order for Mandatory Mediation.[1] (Case No. 12-cv-00240, Doc. # 55.) In this motion, Adams requests an order requiring the parties to engage in nonbinding mediation. Federal Deposit Insurance Corporation, in its capacity as Receiver for FirsTier Bank, Inc., Louisville, Colorado ("FDIC-R"), and FirsTier Bank, Kimball, Nebraska ("FTB-NE") oppose Adams' motion. (Doc. # 56.)

---

[1] On May 8, 2012, this Court issued an order consolidating Cases No. 12-cv-00240 and No. 11-cv-003404 with Case No. 11-cv-03231. The docket entry instructed that all future filings "shall be docketed in Case No. 11-cv-03231-CMA-MJW." (Case No. 12-cv-00240, Doc. # 50.) Despite this instruction, the instant motion was filed incorrectly in Case No. 12-cv-00240. Apparently, the Court must emphasize that **all future filings shall be filed in Case No. 11-cv-03231. The Court may refuse to consider any future filings that do not comply with this instruction.**

All parties to these consolidated actions agree that they share a "general willingness" to participate in early mediation. Without conferring with the other parties as required by D.C.COLO.LCivR 7.1, Adams filed the instant motion, proposing as mediator Steve Clymer, Accord ADR Group, Boulder, Colorado, for a mediation in the Denver area. As FDIC-R and FTB-NE point out, the parties have not agreed on any details regarding a possible mediation. Given the parties agreement to participate in a mediation, the Court strongly encourages the parties to resolve any impasse so that they may enjoy the benefits of mediation. However, the Court agrees with FDIC-R and FTB-NE that Adams' motion is not the appropriate way to resolve a dispute concerning the details of a possible mediation, and the Court need not, and should not, be involved in any negotiations between the parties on this issue.

Accordingly, it is ORDERED that Adams' Motion Requesting Order for Mandatory Mediation (Case No. 12-cv-00240, Doc. # 55) is DENIED.

DATED: August __07__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge