IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No.  11-cv-03231-CMA-MJW
(As consolidated with 11-cv-03404-CMA-MJW and 12-cv-00240-CMA-MJW)

FIRSTIER BANK, KIMBALL, NEBRASKA, a Nebraska Bank,

Plaintiff(s),

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity and as Receiver for FIRSTIER BANK, LOUISVILLE, COLORADO, a Colorado Bank in receivership,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Adams Bank's Motion for Leave to Amend Complaint in Civil Action No. 12-cv-00240-CMA-MJW (docket no. 59) is GRANTED for the following reasons.  Plaintiff Adams Bank's Third Amended Complaint and Application for Appointment of Receiver and Jury Trial Demand in Civil Action No. 12-cv-00240-CMA-MJW (docket no. 59-1) is accepted for filing as of the date of this minute order.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).

As to Defendant FDIC's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 (D. Colo. 2008).  In the General Steel case, Judge Ebel stated, in pertinent part: "Defendants' futility argument seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative [pleading] is in place."

Date: October 5, 2012