**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03231-CMA-MJW (Consolidated for All Purposes with
Civil Action No. 11-cv-03404-CMA-MJW and
Civil Action No. 12-cv-00240-CMA-MJW)

FIRSTIER BANK, KIMBALL, NEBRASKA, a Nebraska Bank,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
FIRSTIER BANK, LOUISVILLE, COLORADO, a Colorado Bank in receivership,

Defendants.

---

**ORDER REGARDING**
**MOTION AUTHORIZING DISCOVERY BY ADAMS BANK & TRUST**
**(DOCKET NO. 112)**

---

This matter is before the court on the Motion Authorizing Discovery by Adams Bank & Trust (docket no. 112). The court has reviewed the subject motion (docket no. 112), the response (docket no. 115) and the reply (docket no. 116). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

  1.  That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on March 25, 2013, Judge Arguello granted the FDIC's four Rule 12(b)(1) and 12(b)(6) motions to dismiss the three cases that make up this consolidated action and dismissed all three cases, including a cross-claim by FirsTier Bank, Kimball, Nebraska ("FTB-NE") (the "Dismissal Order") (docket no. 79);

5. That on March 27, 2013, a final Judgment (docket no. 80) was entered by the Clerk of the Court;

6. That on April 10, 2013, the FDIC filed its Fee Motion (docket no. 87) seeking a contractual award of fees as the prevailing party under the Loan Participation Agreement. After obtaining a 14-day extension of time to respond, on May 15, 2013, the Reynolds firm, on behalf of Adams, filed a response (docket no. 106) to the Fee Motion (docket no. 87) together with an Affidavit and 95 pages of exhibits. The FDIC filed its reply (docket no. 110) on May 29, 2013. The Fee Motion (docket no. 87) and all other post-judgment motions are fully briefed at this time;

7. That on June 10, 2013, nearly a month after it filed its response (docket no. 106) to the Fee Motion (docket no. 87) and two months after the FDIC filed its Fee Motion (docket no. 87), Adams, this time represented by the Baird firm, filed the subject Discovery Motion

(docket no. 112) seeking discovery related to the Fee Motion (docket no. 87) and leave to supplement the briefing on the Fee Motion;

8. That Adams' Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59(e) (docket no. 81); Adams' Motion to Alter Judgment pursuant to Fed. R. Civ. P 60(b) (docket no. 82); Adams' Motion to Stay in Case No. 12-cv-00240 (docket no. 83); Adams' Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59(e)(docket no. 84); Adams' Motion to Alter Judgment pursuant to Fed. R. Civ. P. 60(b) in Case No. 11-cv-03404 (docket no. 85); Adam's Motion to Stay in Case No. 11-cv-03404 (docket no. 86) have all been ripe for ruling as of May 8, 2013;

9. That FDIC's Motion for Attorney Fees and Costs (docket no. 87) and FDIC's Motion for Order to Terminate and Release Notice of Claim to Real Estate Interest (docket no. 88) have both been ripe for ruling as of May 29, 2013;

10. That the request for discovery relating to the Fee Motion (docket no. 87) is untimely.  See E.E.O.C. v. Harris Farms, Inc., No. CIV F 02-6199 AWI LJO, 2006 WL 1028755, at *25 (E.D. Cal. Mar. 1, 2006) (finding that the time for filing a motion for discovery was at the time of filing an opposition to a fee request, not after the court had taken the matter under advisement), aff'd 274 Fed. Appx. 511 (9th Cir. 2008).  In this case, it is clear that Adams was able to file a

lengthy and detailed response to the Fee Motion (docket no. 87). See Adam's response (docket no. 106); and

11. That the proposed discovery would cause unnecessary delay noting that the Fee Motion (docket no. 87) is fully briefed and has been fully briefed prior to the subject motion (docket no. 112) being filed. Moreover, I find that the scope of the proposed discovery is really an attempt to re-litigate the underlying claims which have already been ruled upon by Judge Arguello. See Judge Arguello's Order dated March 25, 2013 (docket no. 79).

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That the Motion Authorizing Discovery by Adams Bank & Trust (docket no. 112) is DENIED;
2. That each party shall pay their own attorney fees and costs for this motion.

Done this 16th day of July 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE