**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-03231-CMA-MJW (Consolidated for All Purposes with
Civil Action No. 11-cv-03404-CMA-KMT and
Civil Action No. 12-cv-00240-CMA-KMT)

FIRSTIER BANK, KIMBALL, NEBRASKA, a Nebraska Bank,

      Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
FIRSTIER BANK, LOUISVILLE, COLORADO, a Colorado Bank in receivership,

      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTIONS

---

      This matter is before the Court on Consolidated-Plaintiff Adams Bank & Trust's

("Adams") Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) in Case. No.

12-cv-00240 (Doc. # 81), Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 60(b) in

Case. No. 12-cv-00240 (Doc. # 82), Motion to Stay Case No. 12-cv-00240 (Doc. # 83),

Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) in Case No. 11-cv-03404

(Doc. # 84), Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 60(b) in Case No.

11-cv-03404 (Doc. # 85), and Motion to Stay Case No. 11-cv-03404 (Doc. # 86).[1]

Defendant  Federal Deposit Insurance Corporation ("FDIC") responded to each of

these motions (Doc. ## 90, 91, 92, 93, 94, 95) and Adams replied to each response

(Doc. ## 100, 101, 102, 103, 104, 105).  Consolidated-Plaintiff FirsTier Bank, Kimball,

---

[1]   As in the other orders in this consolidated case, the Court will refer to Case No. 12-cv-00240 as
"*Adams I*" and Case No. 11-cv-03404 as "*Adams II*".

Nebraska ("FTB-NE") also filed a response to Adams's Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. # 81).  (Doc. # 96.)

At the outset, the Court notes that Adams' motions are duplicative of one another.  Therefore, to the extent possible yet mindful of its duty to address each of Adams' contentions, the Court will consolidate its analysis on those contentions that overlap.

## I.   BACKGROUND

The facts and background of this case are set forth in detail in *FirsTier Bank, Kimball, Neb. v. F.D.I.C.*, 935 F. Supp. 2d 1109 (D. Colo. 2013), the order from which Adams seeks relief.  In that decision, the Court dismissed each of the consolidated cases.  With regard to *Adams I*, the Court determined Adams failed to exhaust all but one claim and, therefore, the Court did not have subject matter jurisdiction over those unexhausted claims.   After construing the contract provisions at issue, the Court dismissed the remaining breach of contract claim pursuant to Fed. R. Civ. P. 12(b)(6).  The Court also dismissed *Adams II* because the complaint was duplicative of the complaint in *Adams I*.  Adams now moves this Court to reconsider those determinations.  In the alternative, Adams asks the Court to stay these proceedings while it exhausts its administrative remedies.

## II.   DISCUSSION

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).  A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment

pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* Whether a reconsideration request should be reviewed under Rule 59 or 60 "depends upon the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194, 1200 (10th Cir. 2011). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under Rule 59(e). *Phelps v. Hamilton,* 122 F.3d 1305, 1323–24 (10th Cir. 1997) (quoting *Martinez v. Sullivan,* 874 F.2d 751, 753 (10th Cir. 1989)); *see also Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a Rule 59 motion and be subject to Rule 59's constraints. *See Phelps,* 122 F.3d at 1324.

Adams filed motions in both *Adams I* and *Adams II* under Rules 59(e) and 60(b). Yet, Adams itself believes that Rule 59(e) provides the proper avenue for relief for both cases and filed its Rule 60 motions (which are virtually carbon copies of the respective Rule 59 motions and only differ with regard to the standard of review) as a precautionary measure. (*See* Doc. ## 82, at 3; 85, at 2.) Adams met the time limitation under Rule 59 by filing the motions within 28 days from the entry of judgment. *See Van Skiver,* 952 F.2d at 1243. Looking to the substance of Adams' motions relating to *Adams I*, it appears that Adams asserts that the Court misapplied the law. In the *Adams II* motions, Adams's argument centers on an explanation for its decision to file a duplicative case. *See Commonwealth Prop. Advocates, LLC,* 680 F.3d at 1200 (construing a party's assertion that the court overlooked facts as a Rule 59(e) motion). The reconsideration motions seek to alter the substantive ruling; therefore, the Court

will construe Adams' arguments pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps,* 122 F.3d at 1324. A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original application. *Paraclete,* 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing.") However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

A. ***ADAMS I***

With regard to those claims the Court found Adams failed to exhaust, Adams takes issue with this Court's narrow construction of the Tenth Circuit's decision in *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269 (10th Cir. 1994). This Court discussed in detail its reasons for conscribing *Homeland Stores*, including that cases upon which the Tenth Circuit relied have since been overturned and that every circuit to consider the question since *Homeland Stores* has held that the exhaustion requirement does apply to post-appointment claims. *See Montejo v. Louisiana*, 556

4

U.S. 778, 779 (2009) (courts properly look at a decision's antiquity, workability, reasoning, and reliance interests at stake to determine whether to adhere to the doctrine of *stare decisis*).  Adams essentially attempts to re-argue this issue, which the Court previously addressed; therefore, Adams' belated arguments do not provide an appropriate basis for Rule 59(e) relief.  *See Paraclete,* 204 F.3d at 1012

Adams asserts various arguments regarding what it believes is the appropriate meaning of the word "payment" in the "Purchaser First Out" provision of the Loan Participation Agreement.  These arguments were available when Adams filed its original response, yet rather than asserting these substantive arguments, Adams argued only that FDIC's argument regarding the appropriate interpretation of the contract is "improper on a Rule 12(b)(6) motion because the court 'accept[s] as true all well-pleaded factual allegations . . . ."[2]  Adams chose not to make a substantive argument regarding this claim even though those arguments were available.  Adams' disagreement with the Court's resolution of this question does not entitle it to reconsideration of it.  *See, e.g., Paraclete,* 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing"); *Lacefield v. Big Planet,* No. 2:06–CV–844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (unpublished) ("[w]hen a motion for reconsideration raises only a party's disagreement with a decision of the

---

[2]   The Court rejected this assertion following clear Colorado precedent that "whether an ambiguity exists in a contract is a matter of law" *FirsTier Bank,* 935 F. Supp. 2d at 1126 (citing *Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310, 1314 (Colo. 1984)) and Supreme Court precedent that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Court, that dispute should be dealt with in the normal appellate process" (quotation marks and citations omitted)).

**B.    *ADAMS II***

Adams challenges the dismissal of *Adams II* as duplicative of the complaint in *Adams I* by way of explaining why it filed a duplicative case.  In so doing, Adams does not appear to challenge the Court's determination that *Adams II* was duplicative to *Adams I*.  Thus, these additional facts do not call into question the Court's determination that *Adams II* is duplicative; rather, they confirm it.  Moreover, Adams' explanation that it filed *Adams II* "out of an abundance of caution" to preserve its right to review of the FDIC's administrative decision does not address the fundamental problem with this case, which is that Adams failed to exhaust all but one claim.  Exhaustion is a necessary prerequisite to filing suit and regardless of the reasons for filing this duplicative suit, the Court lacks jurisdiction to hear those claims.  *See* 12 U.S.C. § 1821(d)(16)(A) (judicial involvement is only available after exhaustion); *FirsTier Bank,* 935 F. Supp. 2d at 1117-26.  The only remaining claim failed as a matter of law.  *Id.* at 1126.  Accordingly, Adams' explanation that it filed the suit to preserve its right to review is unavailing.

**C.    MOTIONS TO STAY**

In each of the Rule 59(e) and Rule 60 motions, as well as in additional, separate motions, Adams requests that this Court stay the proceedings in *Adams I* and *II* until it exhausts its administrative remedies.  (*See* Doc. ## 81, 82, 83, 84, 85, 86.)  First, the Court admonishes Adams for unnecessarily filing redundant pleadings, many of which advance the exact same arguments.  Turning to the substance of Adams' request, the

6

Court declines to stay proceedings over which it does not have jurisdiction. *See*

*F.D.I.C. v. Updike Bros., Inc*, 814 F.Supp. 1035, 1042 (10th Cir. 1993) (declining to

stay pending exhaustion where the court has otherwise determined it does not have

jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time what it lacks

subject-matter jurisdiction, the court must dismiss the action).

## III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Adams' Motion to Alter

Judgment Pursuant to Fed. R. Civ. P. 59(e) in Case. No. 12-cv-00240 (Doc. # 81),

Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 60(b) in Case. No. 12-cv-00240

(Doc. # 82), Motion to Stay Case No. 12-cv-00240 (Doc. # 83), Motion to Alter

Judgment Pursuant to Fed. R. Civ. P. 59(e) in Case No. 11-cv-03404 (Doc. # 84),

Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 60(b) in Case No. 11-cv-03404

(Doc. # 85), and Motion to Stay Case No. 11-cv-03404 (Doc. # 86) are DENIED.

DATED:  November 13, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge