IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-03231-CMA-MJW (Consolidated for All Purposes with
Civil Action No. 11-cv-03404-CMA-KMT and
Civil Action No. 12-cv-00240-CMA-KMT)

FIRSTIER BANK, KIMBALL, NEBRASKA, a Nebraska Bank,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
FIRSTIER BANK, LOUISVILLE, COLORADO, a Colorado Bank in receivership,

    Defendants.

**ORDER DENYING FDIC'S MOTION FOR ORDER TERMINATING AND
RELEASING NOTICE OF CLAIM TO REAL ESTATE INTEREST**

This matter is before the Court on the FDIC's Motion for Order Terminating and Releasing Notice of Claim to Real Estate Interest. (Doc. # 88.)  The motion is ripe for the Court's review.  The facts and background of this case are set forth in detail in *FirsTier Bank, Kimball, Neb. v. F.D.I.C.*, 935 F. Supp. 2d 1109 (D. Colo. 2013), in which this Court dismissed all claims for failure to exhaust administrative remedies and failure to state a claim.  The Court denied Consolidated-Plaintiff Adams Bank & Trust's ("Adams") motions to reconsider that ruling on November 13, 2013.[1]  (Doc. # 118.)

In the instant motion, the F.D.I.C. asks that the Court terminate a notice that Adams filed with Arapaho County, Colorado, that states that Adams holds legal title to real estate and requests that any buyer or other transferee of any right, title, or interest obtain Adams' written consent to any such transfer. (Doc. # 88-1.)  The F.D.I.C. argues

---

[1] Accordingly, Adams' argument that this motion is premature because the Court had not yet decided Adams' motions to reconsider and stay proceedings is moot.

that the notice is a *lis pendens* and should be "terminated and released pursuant to the Court's inherent power to enforce its own orders." (Doc. # 88, at 3.) However, *lis pendens* are filed **after** the filing of a court action, whereas the notice at issue here was filed approximately two and a half months prior to this lawsuit. *See* Colo. Rev. Stat. § 38-35-110(1) ("After filing any pleading in an action in any court . . . wherein relief is claimed affecting the title to real property, any party to such action may record in the office of the county clerk and recorder in the county or counties in which the real property or any portion thereof is situated a notice of *lis pendens* . . . .") The F.D.I.C. points to no case law interpreting Colorado's *lis pendens* statute as applying to a notice filed prior to a lawsuit. Therefore, the Court agrees with Adams that the notice is not *lis pendens* and the F.D.I.C. has not established that the Court has the authority to grant the relief it requests—namely, to terminate the notice. That being said, the Court shares that F.D.I.C.'s apparent concern, voiced in its motion to dismiss (Doc. # 75), that this notice is improper and that Adams has an obligation to withdraw the notice or otherwise be open to a separate action for slander of title.

Accordingly, it is ORDERED that the FDIC's Motion for Order Terminating and Releasing Notice of Claim to Real Estate Interest (Doc. # 88) is DENIED.

DATED: January 30, 2014

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge